IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHELDA OWENS,<br><br>                            Plaintiff,<br><br>vs.<br><br>CHARLESTON SAILING SCHOOL, LLC,<br><br>                            Defendant. | Civil Action No.:  2:23-cv-06913-DCN<br><br>JURY TRIAL DEMANDED |

COMPLAINT

COMES NOW Shelda Owens, Plaintiff in the above captioned action, and, complaining of Defendant, shows this Honorable Court as follows:

JURISDICTION

1. Plaintiff, Shelda Owens, is a resident and citizen of the state of Georgia.

2. Defendant, Charleston Sailing School, LLC is a limited liability company formed under and existing by virtue of the laws of the state of South Carolina, with a principal place of business in Charleston, SC, within the jurisdiction of this Court.

3. The amount in controversy in this matter exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The subject matter jurisdiction of this Court is based upon the complete diversity of the citizenship of the parties and an amount in controversy in excess of $75,000.00, pursuant to 28 U.S.C. §1332.

FACTS

5. On or about August 26, 2023, Plaintiff and Defendant entered into a written agreement ("the contract") for charter of the sailing vessel, SAIL AWAY ("the vessel").

6. The contract provided that Defendant "shall provide and maintain" hull insurance on the vessel during the charter period.

7. The contract provided that the insurance deductible was $3,500.00.

8. The contract provided that Plaintiff was the Charterer of the vessel during the charter term.

9. The contract provided that Plaintiff, as Charterer, was an additional assured under the hull insurance policy.

10. Unknown to Plaintiff, she was not an additional assured under the hull insurance policy.

11. Defendant failed to inform Plaintiff that she was not an additional assured under the hull insurance policy.

12. During the charter term, Plaintiff used the vessel's electronic chart to navigate the vessel.

13. At approximately 1:30 pm on October 1, 2023, at a location indicated by the electronic chart to have sufficient water depth to safely navigate, the vessel ran aground and was damaged.

14. Plaintiff arranged for towing and return of the vessel to Defendant's facility.

FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

15. Plaintiff repeats the above allegations as fully as if restated herein verbatim.

16. On or about August 26, 2023, Plaintiff and Defendant entered into a binding written contract for charter of an insured vessel.

17. As a material term of the contract, Plaintiff was an additional assured under the hull insurance policy.

18. In fact, unknown to Plaintiff, Plaintiff was not an additional assured under the hull insurance policy.

19. As a direct and proximate result, Defendant chartered to Plaintiff a vessel without hull insurance coverage for the benefit of Plaintiff.

20. During the charter term, the vessel grounded, and, on information and belief, sustained approximately $120,000.00 physical damage.

21. On information and belief, had Plaintiff been named an additional assured under the hull insurance policy, Plaintiff would have been fully insured for the loss, over the deductible amount.

22. As a direct and proximate result of Defendant's failure to provide Plaintiff with an insured vessel, as contracted, with Plaintiff named as an additional assured under the hull insurance policy, Plaintiff has incurred uninsured liabilities of approximately $120,000.00 as best it can now be determined.

23. As a direct and proximate result of Defendant's material breaches of contract, Plaintiff will in the future incur attorneys' fees, litigation expenses, and court costs estimated at this time to be $30,000.00.

24. As a direct and proximate result of Defendant's material breaches of contract, Plaintiff has been damaged in the amount of $150,000.00 as best it can be determined at this time.

FOR A SECOND CAUSE OF ACTION
(Negligent Misrepresentation)

25. Plaintiff repeats the above allegations as fully as if restated herein verbatim.

26. Defendant falsely represented to Plaintiff that Plaintiff was an additional assured under the hull insurance policy.

27. In fact, unknown to Plaintiff, Plaintiff was not an additional assured under the hull insurance policy.

28. Defendant had a pecuniary interest in making the representation, because Defendant could charge more charter hire for an insured vessel, as compared with the same vessel, if uninsured.

29. Defendant owed a duty of care to communicate truthful information to Plaintiff, regarding the status of hull insurance on the vessel.

30. Defendant breached its duty of care by failing to exercise due care to communicate truthful information to Plaintiff, regarding the status of hull insurance on the vessel.

31. Plaintiff justifiably relied on Defendant's representation that Plaintiff was an additional assured under the hull insurance policy.

32. As a direct and proximate result, Plaintiff has suffered a pecuniary loss of $120,000.00 as best it can now be determined, and will in future suffer pecuniary losses of $30,000.00 as best they can be determined at this time.

33. Due to Defendant's negligent conduct, in addition to an award of actual and consequential damages, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury sufficient to punish Defendant and sufficient to deter others similarly situated from such conduct in future.

### FOR A THIRD CAUSE OF ACTION
(Constructive Fraud)

34. Plaintiff repeats the above allegations as fully as if restated herein verbatim.

35. Upon information and belief, Defendant made the false representation to Plaintiff concerning her status as an additional assured on the vessel's insurance policy with the knowledge that coverage for her use of the vessel was material to her decision to charter

the vessel and with the intent that she rely upon that fact as a way to induce her to enter into the charter agreement and pay the charter hire.

36. Plaintiff justifiably relied upon the truth of Defendant's assertion that she was an additional assured when she made the decision to charter the vessel. At the time of her reliance, Plaintiff was unaware that Defendant had not, and upon information and belief, never intended to add her as an additional assured.

37. As a direct and proximate result of Defendant's false representation, Plaintiff was fraudulently induced into entering into and paying charter hire for an uninsured vessel charter and has suffered and will suffer monetary damages for her uninsured losses over and above the policy deductible. Plaintiff is entitled to an award of actual and consequential damages as may be proven at trial of this matter and to an award of punitive damages to prevent future like conduct.

## PLAINTIFF'S PRAYER

WHEREFORE, by reason of the foregoing, Plaintiff prays that summons issue citing Defendant herein; that Defendant be made to appear and answer the aforesaid matters; that trial by jury be had on all disputed issues of fact; that judgment be rendered for Plaintiff and against Defendant, for all actual, consequential, and punitive damages, attorneys' fees, including costs of this litigation, and prejudgment interest; that judgment be rendered for Plaintiff and against Defendant in an amount not less than $150,000.00; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

RESPECTFULLY SUBMITTED,

**COOPER & BILBREY, P.C.**

By: s/ John Hughes Cooper
JOHN HUGHES COOPER, ESQUIRE
    Federal Court ID 298
    South Carolina Bar 1387
    State Bar of Georgia 185986
    shiplaw@jhcooper.com
    PO BOX 22513
    Charleston, SC 29413
    (843) 883-9099

ALBERT G. BILBREY, JR., ESQUIRE
    Federal Court ID 12938
    South Carolina Bar 103799
    agbilbrey@jhcooper.com

JOHN TOWNSEND COOPER, ESQUIRE
    Federal Court ID 10172
    South Carolina Bar 76087
    jtc@jhcooper.com

*Attorneys for Plaintiff, Shelda Owens*

Charleston, South Carolina
December 27, 2023